UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 2184**

------------------------------------------------------------------------X   Civil Action No.: JMF, RLE

FERNANDO GREEN a/k/a FREDDY GREEN, GREEN
GLOBAL FUNDING INC., and NATIONAL ASSET DEBT
CONSOLIDATION, INC.



                Plaintiffs,

COMPLAINT

    -against-

INEEDMD, INC. and GOVINDAN GOPINATHAN, M.D.,        JURY TRIAL DEMANDED

                Defendants.
------------------------------------------------------------------------X

Plaintiffs, FERNANDO GREEN a/k/a FREDDY GREEN ("GREEN"),

GREEN GLOBAL FUNDING INC. ("GREEN GLOBAL"), and NATIONAL ASSET DEBT

CONSOLIDATION, INC. ("NADC"), complaining of the Defendants, allege as follows:

### NATURE OF THE ACTION

1.      Plaintiffs, GREEN, GREEN GLOBAL, and NADC, bring this

action against Defendants, INEEDMD, INC. ("INEEDMD") and GOVINDAN GOPINATHAN,

M.D. ("GOPINATHAN") based on a claim that the Defendants are in breach of contract,

committed fraud against the Plaintiffs, and that the Defendants and were unjustly enriched by their

actions.

2.      Plaintiff, GREEN, was hired by the Defendants to be the Senior

Vice President of Operations.   Based upon promises made by the Defendants, Plaintiff, GREEN,

used his own personal funds in developing and operating Defendant, INEEDMD, and also used

funds and other resources provided by Plaintiffs, GREEN GLOBAL and NADC, which are

corporations in which he is a shareholder and officer.

3.     Defendants, INEEDMD and GOPINATHAN, breached the promises that were made to Plaintiff, GREEN, and as a result the Plaintiffs have sustained monetary damages in an amount to be determined at trial, but which amount is not less than $1,500,000.00 with interest thereon.

## JURISDICTION

4.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 in that there is diversity jurisdiction and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.     This Court has personal jurisdiction over the Defendants because by doing business in the State of New York, the Defendants have availed themselves of the forum and are subject to personal jurisdiction in this Court.

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(a)(2) and (3) because a substantial part of the events giving rise to this action arose in this District.

## THE PARTIES

7.     Plaintiff, GREEN, is a resident of the County of Suffolk, in the State of New York.

8.     Plaintiff, GREEN GLOBAL, is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Plaintiff, NADC, is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.    Defendant, INEEDMD, is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with a principal place of business located

at 650 1st Avenue in the City, County, and State of New York.

11.     Defendant, GOPINATHAN, is a resident of the State of New Jersey who transacts business in the State of New York.

AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANTS, INEEDMD
AND GOPINATHAN, FOR BREACH OF CONTRACT:

12.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "11" of this Complaint with the same force and effect as though the said paragraphs were more fully and completely set forth herein at length.

13.     Defendant, INEEDMD, is a company that developed a medical device called The EKG Glove, which is a disposable electrocardiography device designed for easy application, and which can also be used for self-application.

14.     On or about October 1, 2010, at the request of Defendant, GOPINATHAN, Plaintiff, GREEN, began to act as a business consultant on behalf of Defendant, INEEDMD.

15.     At the time that Plaintiff, GREEN, began providing consulting services to Defendants, INEEDMD and GOPINATHAN, Defendant, INEEDMD, had serious financial problems, and did not have office space, employees, formal organization, and did not have an information technology infrastructure.

16.     Defendant, GREEN, was instrumental in making major improvements in the operation of Defendant, INEEDMD, and within approximately six (6) months, the said Defendant had a fully functioning office, and great strides were made in getting The EKG Glove to the market.

17.     Based on the performance by Plaintiff, GREEN, as a consultant,

Defendant, GOPINATHAN, made several promises to Plaintiff, GREEN. Defendant, GOPINATHAN, promised to make Plaintiff, GREEN, a Senior Vice President of Operations of Defendant, INEEDMD, and he promised Plaintiff, GREEN, a five (5) year employment contract at an annual salary of $250,000.00.

18. Additionally, Defendant, GOPINATHAN, promised to issue six million (6,000,000) shares of Defendant, INEEDMD, to Plaintiff, GREEN.

19. Based on the promises made by Defendant, GOPINATHAN, Plaintiff, GREEN, used his own personal funds in developing and operating Defendant, INEEDMD, and also used funds and other resources provided by Plaintiffs, GREEN GLOBAL and NADC, which are corporations in which he is a shareholder and officer.

20. In addition to making payments for other operating expenses of Defendant, INEEDMD, Plaintiffs, GREEN, GREEN GLOBAL, and NADC, made payments for office renovations and payroll for the said Defendant.

21. Additionally, based on the aforesaid promises made by Defendant, GOPINATHAN, Plaintiff, GREEN, also invested in a company named Paragon National Marketing, Inc. ("Paragon") through Plaintiff, GREEN GLOBAL. Paragon is a New York based sales organization, which had ninety (90) medical device sales representatives throughout the United States, and Plaintiff, GREEN, invested in Paragon to assist Defendant, INEEDMD, in getting The EKG Glove to the market.

22. Based on the promises made by Defendant, GOPINATHAN, Plaintiff, GREEN, also personally guaranteed a Promissory Note in the principal sum of $250,000.00 made by Defendant, INEEDMD, to Dr. Richard Pinto.

23. At some time in July 2012, Defendants, INEEDMD and

GOPINATHAN terminated Plaintiff, GREEN's employment with Defendant, INEEDMD without just cause.

24.     To date, Defendants, INEEDMD and GOPINATHAN, have not paid unpaid salary that is owed to Plaintiff, GREEN, nor have the said Defendants repaid the sums that were paid by Plaintiffs, GREEN, GREEN GLOBAL, and NADC, towards the development and the operation of Defendant, INEEDMD.

25.     Furthermore, Defendants, INEEDMD and GOPINATHAN, never issued the six million (6,000,000) shares of Defendant, INEEDMD, that Defendant, GOPINATHAN, promised to issue to Plaintiff, GREEN.

26.     That based upon the foregoing, Defendants, INEEDMD and GOPINATHAN, have not repaid any of the aforesaid sums, and, as such, the said Defendants are in breach of the agreements that they made.

27.     As a result of the breach of contract by Defendants, INEEDMD and GOPINATHAN, Plaintiffs have incurred damages in an amount to be determined at trial, but which amount is not less than $1,500,000.00 with interest thereon.

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS, INEEDMD
AND GOPINATHAN, FOR PROMISSORY ESTOPPEL:

28.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "27" of this Complaint with the same force and effect as though the said paragraphs were more fully and completely set forth herein at length.

29.     Defendant, GOPINATHAN, made promises on behalf of Defendant, INEEDMD, that induced Plaintiff, GREEN, to use his personal funds and the funds of Plaintiffs, GREEN GLOBAL and NADC, for the development and operation of Defendant,

INEEDMD.

30. Defendants, INEEDMD and GOPINATHAN, should reasonably have expected that the promises made would induce action of a definite and substantial character on the part of the Plaintiffs.

31. The Plaintiffs justifiably relied on the promises made by Defendants, INEEDMD and GOPINATHAN.

32. As a result of the actions taken by the Plaintiffs in reliance on the promises made by Defendant, GOPINATHAN, on behalf of Defendant, INEEDMD, the Plaintiffs have incurred damages in an amount to be determined at trial, but which amount is not less than $1,500,000.00 with interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS, INEEDMD AND GOPINATHAN, FOR FRAUD:

33. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "32" of this Complaint with the same force and effect as though the said paragraphs were more fully and completely set forth herein at length.

34. Defendant, GOPINATHAN, made promises on behalf of Defendant, INEEDMD, that induced Plaintiff, GREEN, to use his personal funds and the funds of Plaintiffs, GREEN GLOBAL and NADC, for the development and operation of Defendant, INEEDMD.

35. Defendants, INEEDMD and GOPINATHAN, terminated the employment of Plaintiff, GREEN, without just cause, and have made no efforts to repay the amounts owed to the Plaintiffs or to issue the shares that were promised to Plaintiff, GREEN.

36. The Plaintiffs justifiably relied on the promises made by Defendant,